353 A.2d 386

**ESTATE of Richard W. WHITEMAN, Deceased by Administratrix Lillian Whiteman, Appellant,**

v.

**Ruth McCurdy WHITEMAN.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1976.

Decided March 17, 1976.

Fox & Fox, Michael Yanoff, D. J. Picker, Norristown, for appellant.

344

Jules N. Mazis, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ., concurring.

OPINION

PER CURIAM.

Judgment affirmed. Each party to bear own costs. *Teacher v. Kijurina*, 365 Pa. 480, 76 A.2d 197 (1950); *Maxwell v. Saylor*, 359 Pa. 94, 58 A.2d 355 (1948).

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice (dissenting).

Appellant Lillian Whiteman is the administratrix of the estate of her deceased husband Richard Whiteman. Approximately twenty years ago, Richard Whiteman left his wife and, without obtaining a divorce, established a residence with appellee Ruth McCurdy Whiteman. Richard and Ruth were the grantees in the conveyance of a parcel of property as tenants by the entireties although they were not married. Richard died intestate. This appeal arises from the orphans' court entry of judgment on the pleadings holding that the property jointly held by decedent and appellee as "his wife" passed to appellee by right of survivorship.

When a deed is clear and unambiguous on its face the intent of the grantees must be determined from its language. *Teacher v. Kijurina*, 365 Pa. 480, 486, 76 A.2d 197, 200 (1950). However, it is essential for the creation of a tenancy by the entireties that the parties are husband and wife at the time of the conveyance. See *Bove v. Bove*, 394 Pa. 627, 149 A.2d 67 (1959); *Maxwell v. Saylor*, 359 Pa. 94, 58 A.2d 355 (1948); *Thorton v. Pierce*, 328 Pa. 11, 194 A. 897 (1937); 4A Powell on Real Property, § 622 at 690 (1975). In *Maxwell v. Say-*

*lor*, supra, we held that the deed in such a case could not create a joint tenancy by the entireties, but was effective to pass title. The title conveyed would be determined by the intent of the parties. In *Maxwell*, we found the parties intended to create a joint tenancy with right of survivorship.

In the case before us the deed attempts to convey a title which cannot be conveyed where the conveyees are not married. Since the conveyees were not married, the deed conveying to Richard and Ruth "his wife," cannot be said to be unambiguous. Moreover, it cannot be concluded that the deed evinces a clear intent that the parties intended a joint tenancy with right of survivorship be created. Appellant alleges that she will produce evidence to show that decedent did not intend to create a right of survivorship in appellee. The additional evidence should be heard. Granting the motion for judgment on the pleadings was improper here where the question of Richard Whiteman's intent is in dispute.

I would reverse the judgment and remand for a new trial.