652 A.2d 853

ESTATE OF Gertrude Mae REIGLE.

**Appeal of Ronald REIGLE, Jacquelyn Levy and Constance Mae Reigle.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1994.

Filed Jan. 10, 1995.

James M. Schildt, Quakertown, for appellants.

Jeffrey F. Bahls, Quakertown, for Raymond Reigle, participating party.

Before WIEAND, McEWEN and SAYLOR, JJ.

WIEAND, Judge.

In this appeal we are asked to determine the legal effect of a conveyance to mother and son "as tenants by the entireties." After careful consideration, we hold that mother and son held the conveyed real estate as joint tenants with right of survivorship.

By deed dated December 8, 1972, and duly recorded, real estate situated in West Rockhill Township, Bucks County, was conveyed by William John Harbers and Marion A. Harbers, husband and wife, to "Raymond L. Reigle and Gertrude Reigle, son and mother ... as tenants by the entireties." When Gertrude Reigle died on March 22, 1990, she was survived by her son, Raymond, and also by other children. Some of these children objected to the fact that the real estate was not included as an asset in their mother's estate. They contended that their mother, at the time of her death, had owned an undivided one-half interest in the real estate as a tenant in common. The Orphans' Court held that the real estate had been owned by mother and son as joint tenants with right of survivorship and that, therefore, title had passed to Raymond upon his mother's death and had not been a part of the mother's estate. Exceptions were dismissed, and this appeal followed.

Under Pennsylvania law, "it is not possible for two persons who are not married to one another to hold title to land as tenants by the entireties; marriage is an essential ingredient of such an estate." *Masgai v. Masgai*, 460 Pa. 453, 457, 333 A.2d 861, 863 (1975). Where the express language of the deed purports to create a tenancy by the entireties and the law will not recognize the estate because the grantees are not husband and wife, the deed is nevertheless valid and does not prevent the grantees from receiving and holding title as appropriate

under the circumstances. *Thornton v. Pierce*, 328 Pa. 11, 16, 194 A. 897, 899 (1937).

■ Where the language of the deed is clear and unambiguous, the intent of the grantees must be gleaned solely from the deed's language. *Teacher v. Kijurina*, 365 Pa. 480, 486, 76 A.2d 197, 200 (1950). In *Pennsylvania Bank and Trust Co. v. Thompson*, 432 Pa. 262, 247 A.2d 771 (1962), the Supreme Court reasoned that "a joint tenancy best fulfills an intent to create a tenancy by the entireties because both contain the survivorship feature." *Id.* at 264, 247 A.2d at 771–772. Therefore, the Court held that where title had been conveyed to two brothers as "tenants by the entireties," the brothers held the real estate as joint tenants with right of survivorship. See also: *Maxwell v. Saylor*, 359 Pa. 94, 58 A.2d 355 (1948) (conveyance to unmarried man and woman as tenants by the entireties); *Hoffert v. Bastian*, 54 Pa.D. & C. 146 (Leh.1945) (conveyance to mother and daughter as tenants by the entireties).[1]

Appellants contend that the language of the deed was ambiguous and that they should have been permitted to offer parol evidence to show the actual intent of the parties. However, in *Estate of Whiteman v. Whiteman*, 466 Pa. 343, 353 A.2d 386 (1976), the Supreme Court upheld a trial court's refusal to hear parol evidence which allegedly would have shown that a right of survivorship was not intended where a deed conveyed property to an unmarried man and woman, who had been cohabiting, as tenants by the entireties. In that case a judgment was affirmed which held that the grantees had taken title as joint tenants with right of survivorship. *Estate of Whiteman v. Whiteman, supra* at 344, 353 A.2d at 387.[2] Also instructive is an earlier ruling in *Teacher v. Kijurina, supra* 365 Pa. 480, 76 A.2d 197, where the Court held that a deed to "Nick Kijurina and Sarah, his wife," when

1. The holding in *Hoffert* was cited with approval by the Supreme Court in *Pennsylvania Bank and Trust Co. v. Thompson, supra.*

2. To understand the import of the majority per curiam opinion it is necessary to read the dissenting opinion of Justice Roberts which provides a synopsis of the relevant facts.

in fact they were not married, created a tenancy in common where there was no other language in the deed indicating the character of the estate taken. In so doing, the Court disallowed parol evidence saying:

> In absence of fraud, accident or mistake[,] parol evidence is inadmissible to vary or limit the scope of a deed's express covenants and the nature and quantity of the interest conveyed must be ascertained by the instrument itself and cannot be orally shown. Furthermore, in construing a deed, as in the case of a will, it is not what the parties may have intended by the language used but what is the meaning of the words.

*Id.* 365 Pa. at 486, 76 A.2d at 200 (citations omitted). See also: *Forster v. Whiteman,* 41 Del. Co. 270, 273 (1954) (parol evidence inadmissible to show an intention other than that clearly discernible from the unambiguous language of the instrument in the absence of fraud, accident or mistake).

The statutory presumption against a right of survivorship [3] does not dictate a different result. As the Court observed in *Zomisky v. Zamiska,* 449 Pa. 239, 296 A.2d 722 (1972):

> Since the passage of the Act of 1812, the question of survivorship has become a matter of intent (*Maxwell v. Saylor,* 359 Pa. 94, 58 A.2d 355 (1948)); and in order to engraft the right of survivorship on a co-tenancy which might otherwise be a tenancy in common, the intent to do so must be expressed with sufficient clarity to overcome the statutory presumption that survivorship is not intended: *Isherwood v. Springs First Nat. Bank,* 365 Pa. 225, 74 A.2d 89 (1950); *Mardis v. Steen,* 293 Pa. 13, 141 A. 629 (1928). But it is also true that no particular form of words is required to manifest such an intention: *Pennsylvania Bank & Trust Company v. Thompson,* 432 Pa. 262, 247 A.2d 771 (1968), and *Maxwell v. Saylor, supra.*

*Id.* 449 Pa. at 242, 296 A.2d at 723 (1972). If the deed in the instant case had been silent as to the estate to be acquired by

---

3. Act of March 31, 1812, P.L. 259, 5 Sm.L. 395, § 1, 20 P.S. § 121, transferred to 68 P.S. § 110.

the grantees, the Act of 1812 would have required that they hold as tenants in common. When the deed recited that they were to hold as tenants by the entireties, however, the issue became whether by this language they had intended a joint tenancy with right of survivorship. The words "tenants by the entireties" cannot be disregarded and, when construed, must entail some element of survivorship. See: *Pennsylvania Bank & Trust Co. v. Thompson, supra* 432 Pa. at 265, 247 A.2d at 772. Therefore, the language of the conveying clause can best be given effect by holding that the grantees were to hold title as joint tenants with right of survivorship. The trial court correctly so held.

Affirmed.