2015 PA Super 112

| | | |
|---|---|---|
| IN RE: ESTATE OF LEONARD J. MOSKOWITZ, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL B. FEIN AND BERNICE FEIN | : : | No. 3302 EDA 2013 |

Appeal from the Decrees filed October 31, 2013
In the Court of Common Pleas of Delaware County
Orphans' Court at No(s): 546 of 2009

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

OPINION BY GANTMAN, P.J.:                    **FILED MAY 08, 2015**

Appellants, Michael B. Fein and Bernice Fein, appeal from the decree entered in the Delaware County Court of Common Pleas, which granted partial summary judgment in favor of Appellee, Estate of Leonard J. Moskowitz, Deceased ("Estate"), and ordered Appellants to transfer certain assets to the Estate.  Appellants also challenge the court's decree, which denied Appellant Ms. Fein's motion for discovery.  We affirm in part and quash in part.

The relevant facts and procedural history of this case are as follows. Bernice Fein was the longtime companion of Leonard Moskowitz ("Decedent").  Appellant Michael B. Fein is Appellant Ms. Fein's son.  On February 4, 2000, Decedent executed a New Jersey power of attorney ("POA"), naming Appellant Mr. Fein as his agent.  The POA document provided in relevant part as follows:

## I. POWERS

In connection with any property or any other interest whatsoever which I may hold, my attorney shall have full power to control or dispose of my property, to execute contracts or other obligations which shall be binding upon me, and to take any action, in my name and on my behalf, which I could take in my own name and on my own behalf.

## II. OTHER PROVISIONS

A. Except to the extent that I have expressly provided otherwise, the exercise of any of the powers granted to my attorney shall be in my attorney's sole discretion. The decisions of my attorney to exercise, or to refrain from exercising, any power, arrived at in good faith, shall be binding upon me and my heirs, executors, administrators, and assigns.

(Administrator's Motion for Partial Summary Judgment, Exhibit A, filed 7/30/12; R.R. at 35a). Decedent executed a last will and testament on January 2, 2007. In his will, Decedent (1) named Appellant Ms. Fein and Joshua Taylor as co-executors; (2) bequeathed his personal property to Appellant Ms. Fein and left the balance of the Estate in trust for Appellant Ms. Fein; (3) named Mr. Taylor and Joseph Fine[1] as trustees of the trust created for the benefit of Appellant Ms. Fein; and (4) named Joseph Fine as the beneficiary of the trust upon the death of Appellant Ms. Fein.

In early 2009, while Decedent was still alive, Appellant Michael B. Fein exercised his POA to conduct a series of transactions involving Decedent's assets. On January 16, 2009, Appellant Mr. Fein transferred various

---

[1] Joseph Fine is Decedent's nephew. He is not to be confused with Appellant Michael B. Fein, who is unrelated to Decedent but named as Decedent's agent under the POA.

securities valued at $584,490.13, from Decedent's solely owned TD Ameritrade account ("TD Account 1") to a TD Ameritrade account jointly owned by Decedent and Appellant Ms. Fein ("TD Account 2"). Appellant Mr. Fein also transferred securities valued at approximately $47,769.88, from Decedent's Citibank Smith Barney account to Decedent's TD Account 1 on February 19, 2009. That same day, Appellant Mr. Fein transferred these same securities from TD Account 1 to TD Account 2. On March 3, 2009, Appellant Ms. Fein transferred these securities in TD Account 2, then valued at approximately $533,164.41,[2] to a different TD Ameritrade account owned jointly only by Appellants Ms. Fein and Mr. Fein ("TD Account 3"). Appellant Mr. Fein also conveyed a property located on S. 5th Street in Philadelphia ("Philadelphia property") from Decedent, to Appellant Ms. Fein and Decedent as tenants by the entireties, by deed dated February 6, 2009. Decedent died on March 18, 2009.

On April 28, 2009, Mr. Taylor filed a petition seeking appointment as sole executor of the Estate. In the petition, Mr. Taylor alleged that Appellant Mr. Fein had exercised his POA unlawfully to retitle certain of Decedent's solely owned assets as jointly owned by Decedent and Appellant Ms. Fein. In new matter in her answer to the petition, Appellant Ms. Fein claimed Decedent's will should be admitted to probate in New Jersey, thereby raising a question of Decedent's domicile upon death. On July 24, 2009, the

---

[2] By this time, the assets had depreciated in value.

Delaware County Register of Wills issued an order declaring Decedent was domiciled in New Jersey at time of death.

Mr. Taylor appealed the decision to the Delaware County Orphans' court. The Orphans' court reversed the order on April 4, 2011, and directed the Register of Wills to receive and act upon a petition to probate Decedent's will. The Register of Wills subsequently certified to the Orphans' court Mr. Taylor's petition seeking appointment as sole executor of the Estate. In November 2011, Mr. Taylor and Appellant Ms. Fein both renounced their rights to administer the Estate in favor of a neutral administrator. The Orphans' court appointed Stephen Carroll as administrator *de bonis non cum testamento annexo*[3] of the Estate on November 10, 2011.

The Estate, through Mr. Carroll, filed a petition on February 15, 2012, to compel Appellant Mr. Fein to file an accounting of his actions as agent for Decedent under the POA. Appellant Mr. Fein filed an answer and objections to the petition. On April 4, 2012, the court entered a decree directing Appellant Mr. Fein to prepare a complete accounting of all actions undertaken as Decedent's agent under the POA. Appellant Mr. Fein filed an initial accounting[4] and a petition for adjudication/statement of proposed

---

[3] When a vacancy occurs in the office of an executor, a court will appoint an administrator d.b.n.c.t.a. to administer and complete distribution of the estate. 20 Pa.C.S.A. § 3159.

[4] Appellant Mr. Fein's initial accounting listed each of the transactions he directly executed under the POA in the months before Decedent's death, but did not mention Appellant Ms. Fein's final transfer of the securities from the

- 4 -

distribution on May 17, 2012.

On July 30, 2012, the Estate filed a petition for a preliminary injunction, a motion for partial summary judgment, and a "petition for return of trust assets," seeking imposition of a constructive trust on the assets listed in Appellant Mr. Fein's initial accounting. The court issued a preliminary injunction on August 8, 2012, which enjoined Appellants from transferring, disbursing, or otherwise dissipating the assets. Appellant Mr. Fein filed a response in opposition to the Estate's motion for partial summary judgment on September 14, 2012. On October 2, 2012, the court denied the Estate's motion for partial summary judgment without prejudice, pending resolution of Appellant's Mr. Fein's appeal to this Court from a separate declaratory judgment action. The court also ordered a new accounting of the assets referenced in the decree granting the Estate a preliminary injunction. Appellant Mr. Fein submitted a purported accounting, but the court found the accounting failed to comply with the October 2, 2012 decree and ordered a new accounting to be filed by February 8, 2013.

On March 18, 2013, the Estate filed objections to the initial accounting of Appellant Mr. Fein and petition for adjudication. The following day, Appellant Mr. Fein submitted a purported new accounting. The court subsequently issued a decree finding Appellant Mr. Fein had willfully disobeyed the court's multiple decrees directing the filing of a full

---

TD Account 2 to the TD Account 3 (the account jointly held by Appellants only).

accounting. Appellant Mr. Fein filed another accounting on May 31, 2013. This accounting clarified that the securities referenced in the initial accounting had been ultimately transferred into joint ownership of Appellants prior to Decedent's death.

On July 26, 2013, Appellant Ms. Fein filed a "Petition to Show Cause Why Letters Of Administration Issued to Stephen Carroll, Esquire Should Not Be Revoked." Appellant Ms. Fein filed a motion for leave to obtain discovery in aid of the petition on October 1, 2013.

By separate decrees dated October 29, 2013, and filed on October 31, 2013, the Orphans' court granted the Estate partial summary judgment and directed Appellants to return to the Estate all assets Appellant Mr. Fein had transferred from Decedent under the POA, as identified in the accountings. The court also denied Appellant Ms. Fein's motion for leave to obtain discovery in aid of her petition to revoke letters of administration issued to Stephen Carroll, Esquire. Appellants filed a timely notice of appeal on Monday, December 2, 2013.[5] The court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellants timely complied. This panel initially reviewed the matter and

---

[5] Under the Pennsylvania Rules of Appellate Procedure, Appellants were obligated to appeal the court's grant of partial summary judgment immediately to avoid waiver. **See** Pa.R.A.P. 342(a)(6), (c) (providing appeal may be taken as of right from Orphans' court order "determining an interest in real or personal property[,]" and failure to do so "shall constitute a waiver of all objections to such order and such objections may not be raised in any subsequent appeal"). Therefore, this portion of the appeal is properly before us.

affirmed on February 4, 2015. Appellants timely filed a petition for reconsideration/reargument on February 18, 2015. We granted panel reconsideration on March 27, 2015.

Appellants raise the following issues for our review, which we have reordered for ease of disposition:

> WAS ADMINISTRATOR'S ACTION FOR SPECIFIC RECOVERY OF PROPERTY CLAIMING THAT [APPELLANT MR. FEIN'S] ACTS WERE GIFTS NOT AUTHORIZED BY THE POWER CONFERRED ON HIM BARRED BY 42 PA.C.S.A. § 5524?
>
> IS THE STATUTE OF LIMITATIONS RUNNING AGAINST AN ESTATE'S ACTION TO RECOVER PROPERTY FOUNDED ON ALLEGED TORTIOUS CONDUCT TOLLED UNTIL A PERSONAL REPRESENTATIVE OBTAINS LETTERS OF ADMINISTRATION?
>
> DID [APPELLANT MR. FEIN] MAKE AN *INTER VIVOS* GIFT TO [APPELLANT MS. FEIN] UNDER HIS POWER OF ATTORNEY?
>
> IS A DECISION BY AN AGENT TO MAKE A GIFT OF HIS PRINCIPAL'S PROPERTY UNDER HIS POWER OF ATTORNEY INCONSISTENT WITH THE LAWS OF THIS COMMONWEALTH?
>
> SHALL A POWER OF ATTORNEY EXECUTED IN NEW JERSEY IN CONFORMITY WITH THE LAWS OF NEW JERSEY WITH RESPECT TO AUTHORITY OF [APPELLANT MR. FEIN] TO MAKE A GIFT BE CONSIDERED VALID IN THIS COMMONWEALTH WITH RESPECT TO THAT AUTHORITY?
>
> WAS THE INTERLOCUTORY DECREE DENYING [APPELLANT MS. FEIN'S] MOTION FOR AUTHORIZATION TO TAKE DISCOVERY IN AID OF PETITION TO SHOW CAUSE AN ABUSE OF DISCRETION?

(Appellants' Brief at 5-6).

In their first two issues combined, Appellants argue the Estate's action

for recovery of "retitled" assets is governed by the two-year statute of limitations under 42 Pa.C.S.A. § 5524. Appellants contend this Court quashed Mr. Fein's previous appeal solely due to the absence of an actual controversy between the parties, without addressing the statute of limitations issue. Appellants assert the Estate commenced the action to recover Decedent's former property on July 30, 2012, more than three years after Appellant Mr. Fein retitled the assets in question. According to Appellants, the statute of limitations began to run when Appellant Mr. Fein performed these transactions. Appellants further emphasize they did not waive their statute of limitations defense because they raised it in new matter in opposition to the Estate's motion for partial summary judgment. Appellants conclude the Estate's action to recover property is time-barred by the applicable statute of limitations or, alternatively, the doctrine of laches. We disagree.

Generally, in an action at law, "the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, which occurs as soon as the right to institute and maintain a suit arises." ***Centre Concrete Co. v. AGI, Inc.***, 522 Pa. 27, 31, 559 A.2d 516, 518 (1989). Section 5524 of the Pennsylvania Judicial Code provides in relevant part as follows:

> ### § 5524. Two year limitation
>
> The following actions and proceedings must be commenced within two years:

* * *

(3)    An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

* * *

(7)    Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

* * *

42 Pa.C.S.A. § 5524.

Nevertheless, "equity courts may not rely solely on statutes of limitation in determining if a claim is timely." *United Nat. Ins. Co. v. J.H. France Refractories Co.*, 542 Pa. 432, 441, 668 A.2d 120, 125 (1995). "[F]or an action in equity, the applicable statute of limitations is used only as a frame of reference to evaluate any purported delay in support of a claim of laches."[6] *Lipschutz v. Lipschutz*, 571 A.2d 1046, 1051 (1990), *appeal denied*, 527 Pa. 601, 589 A.2d 692 (1990). *See also Lake v. Hankin Group*, 79 A.3d 748, 756 (Pa.Cmwlth. 2013), *appeal denied*, ___ Pa. ___, 89 A.3d 1286 (2014) (reversing summary judgment for defendant where trial court determined plaintiffs' equitable claims were barred by relevant

---

[6] "The doctrine of laches is an equitable bar to the prosecution of stale claims and is 'the practical application of the maxim[:] those who sleep on their rights must awaken to the consequence that they have disappeared.'" *Fulton v. Fulton*, 106 A.3d 127, 131 (Pa.Super. 2014).

statute of limitations, because court failed to make necessary factual determinations as to whether plaintiffs had established laches).

"The question of whether laches applies is a question of law; thus, we are not bound by the trial court's decision on the issue." *Fulton, supra* at 131.

> Laches bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another. Thus, in order to prevail on an assertion of laches, respondents must establish: a) a delay arising from petitioner's failure to exercise due diligence; and, b) prejudice to the respondents resulting from the delay.

*Id.* (quoting *In re Estate of Scharlach*, 809 A.2d 376, 382-83 (Pa.Super. 2002)). "The question of laches itself, however, is factual…and is determined by examining the circumstances of each case." *Id.* Laches arises when a party's position or rights "are so prejudiced by length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him." *Nilon Bros. Enterprises v. Lucente*, 461 A.2d 1312, 1314 (Pa.Super. 1983).

> Unlike the application of the statute of limitations, exercise of the doctrine of laches does not depend on a mechanical passage of time. Indeed, the doctrine of laches may bar a suit in equity where a comparable suit at law would not be barred by an analogous statute of limitations. Moreover,
>
> > [t]he party asserting laches as a defense must present evidence demonstrating prejudice from the lapse of time. Such evidence may include establishing that a witness has died or become

- 10 -

> unavailable, that substantiating records were lost or destroyed, or that the defendant has changed his position in anticipation that the opposing party has waived his claims.

*Fulton, supra* at 131 (internal citations omitted). "In the absence of prejudice to the one asserting laches, the doctrine will not be applied." *Brodt v. Brown*, 404 Pa. 391, 394, 172 A.2d 152, 154 (1961). In other words, "prejudice to the defendant must be shown as a prerequisite to the application of laches." *Miller v. Hawkins*, 416 Pa. 180, 190, 205 A.2d 429, 434 (1964) (citing *id.*).

Importantly, a single co-executor or co-administrator generally has authority to act unilaterally on behalf of an estate **only if** the act falls within the ordinary course of administering the estate. *See Fesmyer v. Shannon*, 143 Pa. 201, 208, 22 A. 898, 899 (1891) (holding single co-executor's release of mortgage debt paid to estate was valid and binding on estate because "acts of any [co-executor] in respect to the administration of the effects [of the estate] are deemed to be the acts of all; as where one releases a debt or settles an account of a person with the deceased, or surrenders a term, or sells the goods and chattels of the estate, his act binds the others"; characterizing conversion of decedent's personal property into cash as act "in due course of administration" of estate); *Holmes v. Lankenau Hosp.*, 627 A.2d 763, 768 (Pa.Super. 1993), *appeal denied*, 538 Pa. 671, 649 A.2d 673 (1993) (holding estate was bound by single co-administrator's execution of agreement releasing doctors and hospital from

liability for accident that killed decedent, in exchange for cash settlement).

By contrast, in cases where a co-executor's individual act fell outside the ordinary administration of the estate, our courts have held the act did not bind the estate. **See Hall v. Boyd**, 6 Pa. 267, 270 (1847) (holding estate was not bound by single co-executor's confession of judgment for claims regarding decedent' debts, even though "acts done by one [co-executor] which relate to the testator's goods, such as sale, delivery, possession…are considered as equivalent to the acts of all, as they possess a joint authority"); **Benezet v. Hess**, 63 Pa.Super. 408, 411 (1915) (holding unanimity among co-executors was required to exercise power under will to exchange decedent's real estate for other real estate because co-executors "were not merely executors engaged in the duty of winding up the estate and distributing it to those entitled to it under the will, but were engaged in duties which ordinarily do not come within the scope of executors").

Courts in other jurisdictions have likewise held that acts outside the normal course of administering the estate, including the commencement of litigation, require the consent of all executors or administrators. **See, e.g.**, **Stone v. Jones**, 530 So.2d 232, 235 (Ala. 1988) (stating: "[I]n cases involving the use of discretion in decisionmaking not within the regular course of administering the deceased's estate, co-executors must act unanimously in reaching those decisions. We further hold that an executor's filing of a lawsuit is discretionary, not ministerial, in nature"); **May v.**

*duPont*, 216 A.2d 870, 873 (Del. 1966) (stating: "An action of executors is either in the regular course of the administration of an estate or it is not. If in the regular course of administration, the act of one executor binds all; if not in the regular course, unanimous action by all executors is required"); ***Highland v. Empire Nat. Bank of Clarksburg***, 172 S.E. 544, 547 (W.Va. 1933) (explaining that power of single coexecutor to bind all in affairs of estate "is confined to functions arising in the ordinary course of administration"); ***In re Leopold's Estate***, 181 N.E. 570, 571 (N.Y. 1932) (stating: "[A] single administrator can without the co-operation of his coadministrator, act for the estate only when performing his ministerial duties"); ***French v. Peters***, 59 N.E. 449, 450 (Mass. 1901) (stating: "The doctrine of the common law is that a suit in favor of the estate of a person deceased must be brought in the name of all living executors or administrators…"). The Probate, Estates and Fiduciaries ("PEF") Code provides in relevant part as follows:

### § 3328. Disagreement of personal representatives

**(a) Decision of majority.—**If a dispute shall arise among personal representatives, the decision of the majority shall control unless otherwise provided by the governing instrument, if any. …

**(b) When no majority.—**When a dispute shall arise among personal representatives as to the exercise or nonexercise of any of their powers and there shall be no agreement of a majority of them, unless otherwise provided by the governing instrument, the court, upon petition filed by any of the personal representatives or by any party in interest, aided if necessary by the report of a

- 13 -

> master, in its discretion, may direct the exercise or nonexercise of the power as the court shall deem for the best interest of the estate.

20 Pa.C.S.A. § 3328.

Instantly, in early 2009, Appellant Mr. Fein exercised his POA to transfer Decedent's real estate and various security holdings into joint ownership of Decedent and Appellant Ms. Fein. Shortly thereafter, but before Decedent's death, Appellant Ms. Fein transferred the securities into an account held jointly by Appellants only. Upon Decedent's death on March 18, 2009, his will named Appellant Ms. Fein and Joshua Taylor as co-executors. On April 28, 2009, Mr. Taylor filed a petition to be appointed sole executor, based on his belief that Appellant Mr. Fein as POA had unlawfully transferred Decedent's assets to Appellant Ms. Fein. In the petition, Mr. Taylor alleged Appellant Ms. Fein "has given no indication that she will return the real estate or the brokerage account proceeds to…Decedent's estate and has a conflict with [Mr. Taylor's] request to open an estate for litigation purposes to recover…Decedent's assets." (**See** Mr. Taylor's Petition attached as Exhibit C to Petition for Citation Sur Appeal of the Register's Order Declaring Leonard J. Moskowitz a Resident of the State of New Jersey, which was filed 9/4/09.) In response to Mr. Taylor's petition, Appellant Ms. Fein argued Decedent's will should be admitted to probate in New Jersey. These disputes delayed probate of the will in Delaware County until late 2011, when Appellant Ms. Fein renounced her right to administer Decedent's estate

in favor of a court-appointed administrator.[7] The court appointed Stephen Carroll as administrator d.b.n.c.t.a. of the Estate on November 10, 2011. Mr. Carroll filed a petition on February 15, 2012, to compel Appellant Mr. Fein to file an accounting of his actions as POA for Decedent.

Assuming without deciding that the two-year statute of limitations applies to the Estate's claims arising from Appellant Mr. Fein's transactions under POA, and the limitations period began to run when Appellant Mr. Fein performed the transactions in early 2009, Appellant Ms. Fein's position as one of two named executors of the Estate prevented the Estate from bringing any action within a two-year period.[8] Appellant Ms. Fein had a conflict with co-executor Joshua Taylor in relation to bringing an action on behalf of the Estate to recover the assets which Appellant Mr. Fein, as Decedent's agent, allegedly transferred to Appellant Ms. Fein. Instituting litigation in this matter was not a ministerial act that would fall within the regular course of administering the estate. *See Hall, supra*; *Benezet, supra*; *Stone, supra*. Therefore, Mr. Taylor could not have taken action to recover the assets on behalf of the Estate, absent Appellant Ms. Fein's

---

[7] Mr. Taylor also renounced his right to act as co-executor.

[8] The Estate also argues Appellants waived their statute of limitations defense for failure to raise it in response to the Estate's objections to Appellant Mr. Fein's accounting, filed on March 18, 2013. Appellant Mr. Fein, however, raised the statute of limitations in his answer to the Estate's petition to compel the filing of an accounting, in his accounting and petition for adjudication, and in his response to the Estate's partial summary judgment motion. In light of the convoluted procedural history of this case, we decline to apply waiver to Appellants' statute of limitations defense.

agreement. *See id.*

Instead, one month after Decedent's death, Mr. Taylor filed a petition to be appointed sole executor so he could bring an action on behalf of the Estate to recover Decedent's assets. Appellant Ms. Fein then claimed Decedent's will should be probated in New Jersey. Litigation on the issue of Decedent's domicile continued until April 2011, and delayed both the resolution of Mr. Taylor's petition to be appointed sole executor and the probate of Decedent's will. In November 2011, Appellant Ms. Fein and Mr. Taylor agreed to renounce their rights to administer the estate. Thus, the Estate could not have brought legal action against Appellants before November 10, 2011, when the court appointed Mr. Carroll as administrator of the Estate. Just three months later, on February 15, 2012, Mr. Carroll filed a petition on behalf of the Estate to compel Appellant Mr. Fein to file an accounting. Excluding the time during which Appellant Ms. Fein's legal positions prevented the Estate from bringing any claims, the present action falls well within any statute of limitations that might apply.

Significantly, the Estate's action in the Orphans' court to recover the transferred assets was equitable in nature. *See Fulton, supra* (defining as action in equity, estate's action to set aside conveyances made by decedent's agent under POA, and to impose constructive trust). Thus, a statute of limitations does not control whether the Estate's claims are time-barred. *See United Nat. Ins. Co., supra*; *Fulton, supra*; *Lipschutz,*

*supra*. Nevertheless, Appellants failed to raise the defense of laches in response to the Estate's pleadings. Therefore, Appellants waived any defense or argument based on laches. *See In re Estate of Scharlach, supra* (holding appellee waived laches for failure to raise it in any pleading before Orphans' court).[9]

Moreover, most of the time between the transfers at issue and the start of the present action passed as a result of Appellant Ms. Fein's domicile contest and her inherent conflict of interest. As co-executors of the Estate, Mr. Taylor needed Appellant Ms. Fein's consent to file a claim for return of property to Decedent's estate, where Mr. Taylor could not institute the litigation on his own. Because Appellant Ms. Fein had a conflicting interest in the subject property and would not agree to return the property to the Estate, Mr. Taylor sought his appointment as sole executor immediately after Decedent died, in a petition which put Appellants on notice of the Estate's interests and allegations. That petition stalled while Appellant Ms. Fein contested Decedent's domicile at time of his death, which was not resolved

---

[9] Appellants recently filed an application for emergency relief in this Court, averring that the Estate has filed an action against Appellants in federal court for conversion and unjust enrichment, requesting compensatory damages, disgorgement, and punitive damages. Appellants observe the Estate characterized its federal action as an action at law and demanded a jury trial. Appellants assert the new federal complaint seeking monetary damages and a jury trial makes clear the Estate's present state action for recovery of property was not an action in "equity." Appellants insist the Estate's federal action is relevant to our decision. We disagree. The Estate has chosen to pursue its claims against Appellants in federal court as a different cause of action, which is extraneous to the appeal now before us. Accordingly, we deny Appellants' recent application as moot.

until April 2011.  Appellant Ms. Fein further refused to renounce her right to administer the estate until November 2011.  After the appointment of Stephen Carroll as administrator d.b.n.c.t.a. of the Estate on November 10, 2011, the Estate promptly commenced the instant action on February 15, 2012.  Therefore, Appellants' own conduct was the primary cause of the delay in the proceedings.  Appellants cannot now claim they were unduly prejudiced, when the Estate brought its claims against Appellants as soon as it could.  **See Nilon Bros. Enterprises, supra**.  Based on the foregoing, we hold the Estate's action at issue was equitable in nature; therefore, the statute of limitations is only a frame of reference to evaluate any delay in commencing the action.  **See Lipschutz, supra**; **Lake, supra**.  We further hold the facts and circumstances of this case would not support a defense of laches as a matter of law, even if Appellants had properly preserved it.  Thus, we agree with the trial court's decision to allow the Estate's claims against Appellants to proceed and affirm that decision, albeit on other grounds.  **See Wilson v. Transport Ins. Co.**, 889 A.2d 563, 577 n.4 (Pa.Super. 2005) (citing **Boyer v. Walker**, 714 A.2d 458 (Pa.Super. 1998)) (stating appellate court can affirm trial court's decision on "any valid basis, as long as the court came to the correct result, which in this case was to deny Appellant relief").

In their third, fourth, and fifth issues combined, Appellants argue Appellant Mr. Fein's action of retitling Decedent's assets into joint ownership

of Decedent and Appellant Ms. Fein did not constitute an *inter vivos* gift because prevailing law makes clear Decedent retained ownership of the account jointly held with Appellant Ms. Fein. Appellants aver the assets had previously been held in a joint account of Decedent and Appellant Ms. Fein for many years, but had been divided into two individual accounts (one owned by Decedent and one owned by Appellant Ms. Fein) a few years before Decedent's death for tax reasons. Appellants contend that when Decedent became sick, he instructed Appellant Mr. Fein to make the initial transfer to reunite the separate accounts of Decedent and Appellant Ms. Fein for Medicaid, inheritance tax, and estate tax purposes. Appellants further assert it is irrelevant, for purposes of determining whether a gift was made, that Appellant Ms. Fein subsequently transferred Decedent's securities into an account jointly held by Appellants only (TD Account 3), because (1) the assets would have belonged to Appellant Ms. Fein as survivor after Decedent died anyway; and (2) the Orphans' court held only that Appellant Mr. Fein's initial transfer was outside his authority under the POA.

Appellants claim that even if the transactions constituted a "gift," this gift was a valid exercise of Appellant Mr. Fein's New Jersey POA, where at the time the POA was executed, New Jersey law allowed agents to transfer gratuitously a principal's property even without specific authorization in the POA document. Appellants contend Appellant Mr. Fein's actions as POA were also consistent with Pennsylvania law, where Pennsylvania law allows a POA

agent to make gifts in this context if, as examples, the POA (1) was executed in Pennsylvania before the effective date of the 1999 amendments to the POA Law; (2) was executed in Pennsylvania after the 1999 Amendments and expressly provided authority for unlimited gifts; or (3) was executed in Pennsylvania after the 1999 Amendments and expressly provided authority for limited gifts.

Appellants also declare, without any explanation, that the exception in Section 5611 of the POA statute simply does not apply to gifts under a POA. Appellants aver a New Jersey POA that conforms to New Jersey law with respect to the authority to make a gift is valid in this Commonwealth. Appellants insist the plain meaning of Section 5611 indicates that Appellant Mr. Fein's retitling transactions should be evaluated under New Jersey law governing the form and language requirements of POAs to make gifts. Appellants assert the retitling transactions were valid under New Jersey law as it existed when the POA in this case was executed in 2000.[10]

Appellants further renew their statute of limitations defense to the proceedings and submit the Orphans' court erred in rejecting it. Appellants complain the relevant statute of limitations "clearly and obviously bars" the Estate's "late" claims for property. For all these reasons, Appellants

---

[10] As of the effective date of August 1, 2003, New Jersey changed its POA law and instituted a prohibition on gratuitous transfers of property of the principal except to the extent expressly authorized in the POA. Appellants submit Appellant Mr. Fein's POA was "grandfathered," as it was executed before the amendment. Appellants aver the amendment to New Jersey POA law does not apply to this POA or the transfers at issue.

conclude the court erred in refusing to declare as time-barred the Estate's action for specific recovery of property. We disagree.

Our standard of review of a grant of summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344 (Pa.Super. 2006). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

"[P]owers of attorney are strictly construed and the grant of special powers is not to be enlarged unless this is clearly intended." *In re Estate of Cambest*, 756 A.2d 45, 52 (Pa.Super. 2000). The relevant Pennsylvania POA law is codified at 20 Pa.C.S.A. §§ 5601-5611 and begins with general provisions. 20 Pa.C.S.A. §§ 5601-5601.1. Section 5601.2 addressed an

agent's authority under a POA to make gifts and provided in relevant part:[11]

### § 5601.2.  Special rules for gifts

**(a)  General rule.—**A principal may empower an agent to make a gift in a power of attorney only as provided in this section.

**(b)  Limited gifts.—**A principal may authorize an agent to make a limited gift as defined under section 5603(a)(2) (relating to implementation of power of attorney) by the inclusion of:

(1)  the language quoted in section 5602(a)(1) (relating to form of power of attorney); or

(2)  other language showing a similar intent on the part of the principal to empower the agent to make a limited gift.

**(c)  Unlimited gifts.—**A principal may authorize an agent to make any other gift only by specifically providing for and defining the agent's authority in the power of attorney.

\*    \*    \*

20 Pa.C.S.A. § 5601.2(a)-(c).  Section 5602 of the statute, *inter alia*, enumerates various powers a principal may confer on an agent, "by inclusion of the language quoted in any of the following paragraphs or by inclusion of other language showing a similar intent on the part of the principal."  20 Pa.C.S.A. § 5602.  "The Powers of Attorney statute does not confine the way powers given in a power of attorney may be defined.  … [G]eneral language

---

[11] Section 5601.2 was repealed, effective January 1, 2015, but governed Appellant Mr. Fein's actions under the POA at the time of the transfers in question.

may be used to show the 'similar intent on the part of the principal,' if such general language, according to its common usage, encompasses such power or powers." **In re Weidner**, 595 Pa. 263, 273, 938 A.2d 354, 360 (2007) (holding attorney-in-fact lawfully exercised POA to change beneficiaries of decedent's life insurance policy, where POA was executed before 1999 amendments to statute and incorporated by reference "powers enumerated in statute," which included authority to engage in insurance transactions, and POA specifically stated that grant of specific powers was not intended to limit general powers conferred).[12]

The applicable version of Section 5602 stated a principal may empower an agent to make limited gifts by inclusion of the language, "To make limited gifts." 20 Pa.C.S.A. § 5602(a)(1). The class of permissible donees for a limited gift consists solely of the "principal's spouse, issue and a spouse of the principal's issue." 20 Pa.C.S.A. § 5603(a)(2)(i).[13] An agent cannot make any gift under power of attorney unless the power of attorney specifically states the agent is authorized to do so. **Metcalf v. Pesock**, 885 A.2d 539 (Pa.Super. 2005) (holding broad language in power of attorney authorizing agent to purchase, sell, or "otherwise dispose" of principal's real property interests was insufficient to empower agent to make gift of

---

[12] Under the 1999 amendments to the POA statute, the principal could no longer authorize the agent to make unlimited gifts simply by incorporating the statutory power by reference.

[13] This text is also derived from the version of the statute in effect at the time Appellant Mr. Fein exercised his POA to transfer Decedent's assets.

property). When Appellant Mr. Fein performed the transfers in question, Pennsylvania POA law regarding out-of-state powers of attorney provided as follows:

> **§ 5611. Validity**
>
> A power of attorney executed in another state or jurisdiction and in conformity with the laws of that state or jurisdiction shall be considered valid in this Commonwealth, **except to the extent that the power of attorney executed in another state or jurisdiction would allow an agent to make a decision inconsistent with the laws of this Commonwealth**.

20 Pa.C.S.A. § 5611 (emphasis added).[14]

A valid *inter vivos* gift requires donative intent, delivery, and acceptance. ***In re Sipe's Estate***, 492 Pa. 125, 422 A.2d 826 (1980); ***Estate of Korn***, 480 A.2d 1233 (Pa.Super. 1984). "[T]here must be evidence of an intention to make a [g]ift accompanied by [d]elivery, actual or constructive, of a nature sufficient not only to divest the donor of all dominion over the property, but to invest the donee with complete control."

---

[14] On July 2, 2014, the legislature passed Act No. 2014-95, which rewrote Section 5611. The amended version of Section 5611 eliminated the language: "except to the extent that the power of attorney executed in another state or jurisdiction would allow an agent to make a decision inconsistent with the laws of this Commonwealth." Nevertheless, Section 9 of Act No. 2014-95 states: "Except as provided by this section, the provisions of this act apply to powers of attorney created before, on or after the respective effective dates of such provisions, **but do not apply to the acts or omissions of agents, or third parties presented with instructions by agents, that occur before such respective effective dates**." 2014 Pa. Legis. Serv. Act 2014-95 (H.B. 1429) (emphasis added). Therefore, the prior or superseded version of Section 5611 applies to Appellant Mr. Fein's transfers, which occurred in 2009, long before the effective date of the recent amendments.

*In re Tippins' Estate*, 487 Pa. 107, 114, 408 A.2d 1377, 1381 (1979). "All of the circumstances must be considered in determining whether a gift was made...." *Sipe's Estate, supra* at 129, 422 A.2d at 827. Donative intent can be inferred from the relationship between the donor and donee. *Estate of Korn, supra* at 1237.

In the present case, Appellant Mr. Fein's POA gave him, "[i]n connection with any property or any other interest whatsoever" held by Decedent, "full power to control or dispose of [Decedent's] property, to execute contracts or other obligations which shall be binding upon [Decedent], and to take any action, in [Decedent's] name and on [his] behalf, which [Decedent] could take in [his] own name and on [his] own behalf." (*See* Exhibit A attached to Administrator's Motion for Partial Summary Judgment, filed 7/30/12; R.R. at 35a.) In early 2009, Appellant Mr. Fein exercised his POA to transfer securities held in Decedent's sole name into a joint account titled in the names of Decedent and Appellant Ms. Fein. Appellant Mr. Fein used his POA to give Appellant Ms. Fein control over Decedent's solely owned securities. Shortly thereafter and less than one month before Decedent's death, Appellant Ms. Fein transferred these securities into a joint account held by Appellants only. Regardless of who performed the last transaction, Appellant Mr. Fein used the POA to orchestrate the complete transfer of the securities from Decedent to Appellants during Decedent's lifetime. These combined transactions, made

possible only through Appellant Mr. Fein's initial exercise of his POA, divested Decedent of all control over the securities during Decedent's lifetime. Therefore, on behalf of Decedent, Appellant Mr. Fein initiated an *inter vivos* gift to Appellant Ms. Fein and ultimately to both Appellants.[15] ***See Sipe's Estate, supra***; ***Tippins' Estate, supra***. Likewise, when Appellant Mr. Fein used the POA to retitle the Philadelphia property from Decedent's name only to Decedent and Appellant Ms. Fein as tenants by the entireties, Appellant Mr. Fein purportedly gave Appellant Ms. Fein an interest in the property. To the extent this title was lawful, given that Decedent and Appellant Ms. Fein were not married to each other, the act also constituted an *inter vivos* gift. ***See id. See also Estate of Reigle***, 652 A.2d 853, 855 (Pa.Super. 1995), *appeal denied*, 542 Pa. 672, 668 A.2d 1135 (1995) (holding that where deed purports to create tenancy by entireties between two people who are not husband and wife, joint tenancy with right of survivorship is created).[16]

---

[15] Our conclusion that Appellant Mr. Fein made an *inter vivos* gift is unaffected by Appellants' irrelevant factual assertions regarding the history of Decedent's securities before they came into Decedent's sole ownership in TD Account 1. The securities were held in Decedent's name only when Appellant Mr. Fein exercised his POA to initiate the transfer of these securities to himself and Appellant Ms. Fein.

[16] Regarding these transfers of assets from Decedent's sole ownership to joint ownership with Appellant Ms. Fein, we are not required to accept as true the notion that the transfers were "done for good and adequate consideration." Appellants fail to detail or explain that consideration. As presented, the statement is a conclusion of law, not a well-pled fact. Moreover, Decedent and Appellant Ms. Fein were not spouses,

These gifts must be deemed "unlimited" because neither Appellant fell within the class of permissible donees for "limited" gifts under the statute. *See* 20 Pa.C.S.A. §§ 5601.2, 5603(a)(2). The POA, however, did not specifically provide Appellant Mr. Fein with the power to make unlimited gifts. Thus, Appellant Mr. Fein had no power to make these transfers as gifts on Decedent's behalf. *See* 20 Pa.C.S.A. § 5601.2; *Metcalf, supra*. The broad discretion otherwise afforded Appellant Mr. Fein in the POA to control and dispose of Decedent's property was insufficient to endow Appellant Mr. Fein with the power to make unlimited gifts, absent an express and specific grant of this power. *See id.* Accordingly, Appellant Mr. Fein acted outside the authority conferred in the POA when he performed the transfers in question. Regardless of whether New Jersey law allowed Mr. Fein to make gifts under the POA, his transactions were inconsistent with Pennsylvania law, rendering them void under the version of the statute in place at the time of the transfers.[17] *See* 20 Pa.C.S.A. § 5611.

_____

notwithstanding Appellants' continued reference to Appellant Ms. Fein as Decedent's "wife."

[17] In any event, the New Jersey Revised Durable Power of Attorney Act now provides that a "power of attorney shall not be construed to authorize the attorney-in-fact to gratuitously transfer property of the principal to the attorney-in-fact or to others except to the extent that the power of attorney expressly and specifically so authorizes. An authorization in a power of attorney to generally perform all acts which the principal could perform if personally present and capable of acting, or words of like effect or meaning, is not an express or specific authorization to make gifts." N.J.S.A. § 46:2B-8.13a. Although the statute became effective after Decedent executed the POA, this section codified the preexisting common law principle: "No power

In their sixth issue, Appellants argue Stephen Carroll is not a neutral administrator because he engaged the same attorney as former co-executor Joshua Taylor. Appellants assert that in Appellant Ms. Fein's motion for leave to obtain discovery in aid of her petition to revoke letters of administration issued to Mr. Carroll, Appellant Ms. Fein stated why this discovery was necessary as required by the local Orphans' court rules. Appellants contend the court should have at least requested Appellant Ms. Fein to explain further the necessity of discovery. Appellants insist fairness required the court to grant Appellant Ms. Fein's discovery request because the court had previously granted three petitions for discovery to the Estate. Appellants conclude the court abused its discretion when it denied the discovery request. We decline to address this issue.

As a general rule:

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order. ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151

---

[of attorney], unless it contains very clear language on the subject, should be construed as having invested the attorney with authority to appropriate to himself his principal's assets or to give them away." ***Manna v. Pirozzi***, 130 A.2d 55, 57 (N.J.Super. A.D. 1957). Additionally, New Jersey law requires substantially the same elements as Pennsylvania law to establish an *inter vivos* gift: "(1) a donative intent on the part of the donor; (2) an actual or symbolic delivery of the subject matter of the gift; and (3) an absolute and irrevocable surrender by the donor of ownership and dominion over the subject matter of the gift, at least to the extent practicable or possible, considering the nature of the thing to be given." ***Jennings v. Cutler***, 672 A.2d 1215, 1219 (N.J.Super. A.D. 1996). Under New Jersey law, Appellant Mr. Fein's transfers were also "gifts." Even if the gifts were permissible under New Jersey POA law at the time of the transfers, the gifts were inconsistent with applicable Pennsylvania law and therefore impermissible.

(Pa.Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." *Id.* Pennsylvania law makes clear:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).
>
> *Stahl v. Redcay,* 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied,* 591 Pa. 704, 918 A.2d 747 (2007).

*In re Estate of Cella*, 12 A.3d 374, 377-78 (Pa.Super. 2010) (some internal citations omitted). Pa.R.A.P. 341 defines "final orders" and states, in pertinent part:

**Rule 341. Final Orders; Generally**

**(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

**(b) Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would

facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) The trial court…is required to act on an application for a determination of finality under subdivision (c) within 30 days of entry of the order. During the time an application for a determination of finality is pending the action is stayed.

\* \* \*

Pa.R.A.P. 341.

Under Pa.R.A.P. 313, an "appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). A "collateral order" is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "All three elements must be satisfied to permit review of an interlocutory appeal under the collateral order rule." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa.Super. 2004). "[I]n general, discovery orders are not final, and are therefore unappealable." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1056 (Pa.Super. 2008). "However, discovery orders involving privileged material are nevertheless appealable as collateral to the principal action pursuant to Pa.R.A.P. 313 ('Collateral Orders')." *Id.*

Additionally, Pennsylvania Rule of Appellate Procedure 342 provides that certain Orphans' court orders are appealable as of right:

**Rule 342.  Appealable Orphans' Court Orders.**

**(a)    General rule.**  An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1)    An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2)    An order determining the validity of a will or trust;

(3)    An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4)    An order interpreting, modifying, reforming or terminating a trust;

(5)    An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6)    An order determining an interest in real or personal property;

(7)    An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

(8)    An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

Instantly, the Orphans' court's October 31, 2013 decree denying Appellant Ms. Fein's motion for leave to take discovery did not dispose of all

claims and parties or satisfy any other conditions necessary to be deemed a "final order." *See* Pa.R.A.P. 341. Moreover, the discovery decree did not give rise to an interlocutory appeal as of right under Rule 311. *See* Pa.R.A.P. 311. Likewise, the decree is not appealable as a "collateral order" because it did not compel the production of any privileged information, and Appellants make no argument that the "right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *See* 313(b); *T.M., supra*. Additionally, unlike the decree granting the Estate partial summary judgment, the decree denying Appellant Ms. Fein's discovery request does not fall within any of the categories of Orphans' court orders appealable as of right under Rule 342. *See* Pa.R.A.P. 342. Therefore, we lack jurisdiction to entertain Appellants' appeal of the court's order denying her motion for leave to take discovery in aid of her petition to revoke letters of administration issued to Stephen Carroll, Esquire. *See* *Estate of Cella, supra*. Based on the foregoing, we hold the Orphans' court properly granted the Estate partial summary judgment and ordered Appellants to transfer/return certain assets to the Estate. We quash that portion of the appeal challenging the court's decree that denied Appellant Ms. Fein's discovery motion.

Decree granting partial summary judgment affirmed; appeal from decree denying discovery quashed. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015