J-A27016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN WORTH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK WORTH | : | |
| | : | |
| Appellant | : | No. 1175 EDA 2021 |

Appeal from the Order Entered May 7, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2017-05747

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED JANUARY 4, 2022**

Mark Worth appeals from the order entered in the Bucks County Court of Common Pleas, denying his motion to overrule the designation of certain documents as Attorneys' Eyes Only ("AEO").  As will be discussed below, the AEO documents pertain to an underlying civil suit brought by the appellee, Stephen Worth (Mark's brother) against Mark.  On appeal, Mark challenges the court's refusal to remove the AEO designation on the documents.  Because the May 7, 2021, order is not an appealable, collateral order, we must quash Mark's appeal as interlocutory.

Stephen and Mark Worth were business partners since the 1970s and jointly owned several business, including Worth & Co., Inc., a plumbing and mechanical contracting business.  *See* Trial Ct. Op., 7/29/2021, at 1.  In 2016, Mark filed a civil action against Stephen, alleging breach of fidiuary duty and

violations of the Racketeer Influenced and Corruption Organizations Act, *see* 18 U.S.C. § 1961 *et seq*. The two reached a settlement agreement in June 2017, in which Stephen purchased Mark's ownership in their shared businesses and real property. *See id.*

In August 2017, Stephen brought the instant action against Mark, claiming tortious interference. He alleged Mark was ambushing, interrogating, and harassing tenants who leased Stephen's property and making false statements about his business. He sought to enjoin Mark from communicating with his tenants and customers. *See id.* at 3. Mark filed counterclaims of abuse of process, fraud and negligent misrepresentation, arguing Stephen had withheld information during the negotiations and execution of the June 2017 settlement, but he later discontinued all counterclaims.

Thereafter, in June 2018, the parties entered into a Stipulated Protective Order (SPO) and Confidentiality Agreement. *See id.* at 3-4. "Included in the AEO designation are the 2017 Broker's Opinion of Value for 5161 Applebutter Road in Pipersville, Pennsylvania ('2017 Real Estate Appraisals'), the documents at issue in the instant appeal." *Id.* at 4.

In May 2019, Mark initiated a malpractice suit against the attorney and law firm that represented him during the negotiations pertaining to the June 2017 settlement. *See id.*

During the time, Mark subsequently changed his mind about designating the appraisals as AEO. He ultimately filed a Revised Motion to Overrule

Plaintiff's Designation of 2017 Appraisals as Attorney's Eyes Only in December 2020. Mark again claimed he needed personal access to the appraisals to demonstrate damages in his malpractice action. *See id.* at 2. The trial court denied the revised motion on May 7, 2021. This appeal followed.

Mark presents the following question on appeal:

Did the trial court abuse its discretion by denying Mark Worth's Motion to Overrule Plaintiff's Designations of 2017 Appraisals as Attorney's Eyes Only and finding that Stephen Worth met his burden of demonstrating that [the] real estate appraisals at issue reflect "highly sensitive personal information" or "highly sensitive business confidential information," and that they reflect information that if provided to Mark Worth would "place the designating party at a competitive disadvantage and/or cause harm to the designating party" as required by the Protective Order pursuant to which they were designated?

Appellant's Brief at 2.

Before we may address the substantive claim, we first must determine whether the order on appeal is a collateral order, appealable as of right.[1] Under Pa.R.A.P. 313, a collateral order is an order "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). *See also Shearer v. Hafer*, 177 A.3d 850, 856 (Pa. 2018). Rule 313 is to be construed narrowly. *See Rae v. Pennsylvania Funeral*

---

[1] No one disputes that the order at issue was not a final order, an interlocutory appeal as of right, or an interlocutory order appealed by permission. *See In re Estate of Moskowitz*, 115 A.3d 372, 388 (Pa. Super. 2015).

***Directors Ass'n***, 977 A.2d 1121, 1126 (Pa. 2009). The rule requires that all three elements "be satisfied to permit review of an interlocutory appeal under the collateral order rule." ***Jacksonian v. Temple Univ. Health Sys. Found.***, 862 A.2d 1275, 1279 (Pa. Super. 2004) (citation omitted). Moreover, "[w]hether an order is appealable under Pa.R.A.P. 313 is a question of law. As such, our standard of review is *de novo* and our scope of review is plenary." ***Id.*** at 1126 n.8.

Mark argues that the question of removing the AEO designation from the appraisals is separable from Stephen's tortious interference action, as Mark dismissed his counterclaims against Stephen for which the appraisals were produced. ***See*** Appellant's Brief at 16-17. Mark also argues he has a right to access the appraisals of the properties of which he was a 50% owner, and that his inability to access the appraisals interferes with his right to make informed decisions regarding his malpractice action, such as settlement. ***See id.*** at 17-21. Finally, Mark posits that if he is unable to appeal the order until the conclusion of this case, it will become moot if the malpractice action is finalized. ***See id.*** at 21-22.

Here, the trial court opined that its May 7, 2021, order did not satisfy all three prongs of the collateral order doctrine. ***See*** Trial Ct. Op. at 7-9. The court agreed with Mark that the order met the first prong because it was "certainly separable from and collateral to the main cause of action of tortious interference." ***Id.*** at 7. Nevertheless, the court found the remaining two

- 4 -

prongs were not met based on the following: (1) "nothing about [Mark]'s wish to personally view [the] 2017 Real Estate Appraisals implicates issues deeply rooted in public policy[;]" and (2) Mark "will not be denied a meaningful remedy if this AEO designation remains until the completion of litigation [as the] AEO designation does not impede [Mark]'s ability to move forward in the [m]alpractice [a]ction." *Id.* at 8.

We agree with the court that the order does not meet the requirements of a collateral order, and Mark's argument does not persuade us otherwise. The SPO, which designates the 2017 Real Estate Appraisals as AEO, is a private contract between Mark and Stephen. Stephen admits that it does not prevent Mark from compelling access to the appraisals *via* discovery in the malpractice action. *See* Appellee's Brief at 24-25.[2] Mark, therefore, has not demonstrated the order has any effect on this case such that it would require immediate review.

Further, Mark has not established that if he were unable to obtain review of the order denying his request to access the appraisals until after the instant case is complete, it would have any effect other than to delay the malpractice case. Indeed, Mark points out that the malpractice action is already currently

---

[2] While the trial court in the instant case commented in its Rule 1925(a) opinion that the appraisals may only be used in the malpractice action if in compliance with the SPO, *see* Trial Ct. Op. at 8, this is clearly *dicta* as the court has not entered an order so stating that would be controlling in the malpractice action.

postponed. *See* Appellant's Reply Brief at 10. As such, Mark has not explained his basis for that action, and the relevance of the appraisals or what relation they have to the damages he is seeking.

Since we must construe the collateral order doctrine narrowly, and as Mark has failed to prove that a delayed review of his issue will forever thwart an important right, we conclude the order under appeal is not appealable as a collateral order, and therefore, interlocutory. Accordingly, we quash the appeal.[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022

---

[3] In his brief, Mark also raises the substantive argument that the court abused its discretion in finding that Stephen met his burden of establishing that the 2017 Real Estate Appraisals should be designated as AEO. **See** Appellant's Brief at 23-33. Based on our disposition as discussed above, we need not address this claim further.