J-S47017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF RICHARD L. KELLEY, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GILBERT E. PETRINA | |
| | No. 1775 MDA 2014 |

Appeal from the Decree September 8, 2014
In the Court of Common Pleas of Perry County
Orphans' Court at No(s): 50-01-92

BEFORE: ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 07, 2015**

Gilbert E. Petrina brings this appeal from the Decree Nisi entered September 8, 2014, in the Court of Common Pleas of Perry County. The Decree Nisi, filed in the Estate of Richard. L. Kelley, Deceased ("the Estate"), ordered that "the auditor's report is confirmed nisi," and provided that "[u]nless exceptions … are filed of record within fifteen (15) days of service hereof, the within Auditor's Report will be confirmed absolutely without

_____

[*] Retired Senior Judge assigned to the Superior Court.

further Order of Court." Decree Nisi, 9/8/2014.[1] As the Decree Nisi is not an appealable order, we quash the appeal.

On August 19, 2013, Patrick M. Kelley, Executor of the Estate, filed a "First and Final Account of Patrick M. Kelley, Executor for the Estate of Richard L. Kelley," to which Petrina, a creditor of the Estate, filed objections on September 9, 2013. In response to the objections, the court appointed Jerry Philpot as auditor on September 16, 2013. The auditor's report was filed on August 21, 2014. Thereafter, the orphans' court entered the Decree Nisi as stated above.

On September 23, 2014, Kelley filed protective exceptions, which he withdrew on October 6, 2014, requesting that the Decree Nisi be made absolute. Petrina did not file exceptions to the auditor's report, but filed this appeal on October 22, 2014.

Initially, we must address the issue of jurisdiction.

As a general rule:

The appealability of an order directly implicates the jurisdiction of the court asked to review the order. "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable."

***In re Moskowitz***, 115 A.3d 372, 388 (Pa. Super. 2015) (citations omitted).

---

[1]The Decree Nisi further provided: "If either party files exceptions and the auditor's fees have not been paid as separately ordered, the party filing exceptions shall pay the remaining auditor's fees before the Court will deal with the exceptions." Decree Nisi, 9/8/2014.

Pennsylvania Rule of Appellate Procedure 342 provides that certain Orphans' Court orders are appealable as of right:

**Rule 342. Appealable Orphans' Court Orders**.

**(a) General rule**. An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 P.S. § 9186(a)(3) or 72 P.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 P.S. § 9188(a); or

(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a). Petrina submits that this Court has jurisdiction under Rule 342(a)(1), (5), (6) and (8). *See* Petrina's Brief, at 1, 14–15. We disagree.

The orphans' court ordered the auditor's report to resolve objections raised by Petrina to the first and final account. However, even though the

auditor's report has been confirmed, the court has not entered its adjudication of the first and final account. *See* Pa.R.O.C. 6.11 ("Confirmation of accounts; awards"). In fact, the auditor's report advised that the dollar value of Petrina's claim stated in the account needs to be recomputed by the Estate. *See* Auditor's Report, 8/21/2014, at 8 and n.7. Before the court can confirm an Account for this Estate, the conclusions of the auditor must be incorporated into the First and Final Account, presumably through the filing of an amended or subsequent Account. Therefore, the Decree Nisi is not "[a]n order confirming an account," as provided in Rule 342(a)(1).

With regard to Rule 342(a)(5), the Decree Nisi did not determine Petrina's "status" as a creditor, as his "status" as a creditor was not in dispute.[2] Furthermore, the Decree Nisi did not determine an interest in real or personal property, as provided in Rule 342(a)(6). Finally, review reveals no basis upon which to conclude, and Petrina points to no other Rule to show, that the Decree Nisi is "otherwise appealable as provided by Chapter 3" of the Rules of Appellate Procedure, under Rule 342(a)(8).

Accordingly, we quash this appeal.

---

[2] The Comment to Rule 342 explains with regard to Subsection (a)(5): "[A]n appealable Orphans' Court order concerning the status of individuals or entities means an order determining if an individual or entity is a fiduciary, beneficiary or creditor, such as an order determining if an alleged creditor has a valid claim against the estate."

Appeal quashed. [3]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015

---

[3] We note that the orphans' court deemed the issues raised on appeal waived due to Petrina's failure to file exceptions to the Decree Nisi. *See* Orphans' Court's Final Memorandum, 2/4/2015, at 1. However, we need not address waiver since we find the September 8, 2014 Decree Nisi is not an appealable order.