J-A22028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSAN L. CHRISTMAN, INDIVIDUALLY, AND TRADING AS CHRISTMAN LAKE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE ESTATE OF JAMES P. MATHENY, SR., KATHRYN P. MOYER, EXECUTRIX, AND KATHRYN P. MOYER, INDIVIDUALLY | |
| Appellee | NO. 160 MDA 2015 NO. 161 MDA 2015 |

Appeal from the Order Entered August 12, 2014
In the Court of Common Pleas of Berks County
Orphans' Court at No(s): 06-11-1287

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 28, 2015**

Appellant Susan L. Christman,[1] individually and trading as Christman Lake ( "Christman Lake"), appeals from the order of the Berks County Court of Common Pleas denying Appellant's motion for summary judgment and granting the motion for partial summary judgment filed by Appellees the Estate of James P. Matheny, Sr. (the "Estate"), Kathryn P. Moyer, Executrix

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mrs. Christman's husband, Dennis C. Christman, commenced the action, but passed away prior to disposition.  Mrs. Christman filed a substitution of successor, substituting Mrs. Christman individually and trading as Christman Lake.

of the Estate, and Kathryn P. Moyer, Individually ("Moyer").[2]  We affirm the denial of Christman Lake's motion for summary judgment and affirm the trial court's grant of the Estate's and Moyer's partial summary judgment motion as to the breach of contract and declaratory judgment actions.  We remand, however, for further findings by the trial court on the counterclaim filed by the Estate and Moyer pursuant to the Unfair Trade Practice Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. §§ 201-1, et seq.

Christman Lake and James Matheny entered into a lease, dated September 1, 1983, granting Matheny the right to reside at 260 South Shore Drive, Lenhartsville, Berks County, Pennsylvania ("Property"), for a period of 99 years.  Matheny and Moyer moved into the Property in 1983.  From 1983 to the present, Moyer has resided on the Property.

On August 16, 2011, Matheny died.  Matheny's Will provided that his interest in the lease be devised to his significant other, Moyer.[3]  Specifically, the Will, dated March 25, 2009, provided:

> My real estate including any and all Right, Title and Interest in Lease dated September 1, 1983 for said real estate (per Section 7 of said Lease) which is located at 260

---

[2] Appellant filed two appeals from the order granting the Estate and Moyer's partial summary judgment and denying her motion for summary judgment. The appeals were docketed at 160 MDA 2015 and 161 MDA 2015, respectively.  On March 17, 2015, this Court consolidated the appeals *sua sponte*.  Order, 3/17/2015.

[3] The Estate and Moyer maintain Matheny and Moyer were common law husband and wife.  Christman Lake disputes this.

- 2 -

> South Shore Drive, Lenhartsville, Berks County, Pennsylvania, to my significant other, [Moyer], should she survive me by thirty (30) days. Should my significant other, [Moyer], fail to survive me by thirty (30) days, I give such real estate including any and all Right, Title, and Interest in my lease dated September 1, 1983 for said real estate, in equal shares, to my friends, Scott Gardner and Connie Gardner or the survivor thereof.

Last Will and Testament of James P. Matheny, Sr., at 2 of 7, ¶7.

The lease provided the following regarding assignments:

> In the event the Lessee shall have constructed a building on said premises, he may sell his interest therein and assign the within lease, provided, that all mechanic's liens, taxes, assessments, and other charges shall have been paid to the date of such sale and assignment, that all covenants or agreements herein contained to be kept and performed by Lessee, his heirs and assigns, have been fully complied with at the date of such sale or assignment and that such sale or assignment is approved of in writing by the Lessor. The instrument of assignment shall provide that the assignee shall expressly assume the Lessee's covenants and obligations hereunder, including the payment of all rent, taxes, assessments, liens, charges and encumbrances imposed upon the premises and improvements thereon.

Defendant's Partial Motion for Summary Judgment at Exh. M-4 at ¶ 7.

On March 26, 2012, Christman Lake filed a complaint in ejection/eviction in the Berks County Court of Common Pleas. On May 3, 2012, the Estate and Moyer filed an answer containing new matter and counterclaims. On May 21, 2012, Christman Lake filed an answer to the new matter and filed a new matter to the counterclaim. On May 29, 2012, Moyer and the Estate filed an answer to Christman Lake's new matter to the counterclaim.

On July 29, 2013, Christman Lake filed a motion for summary judgment and/or partial summary judgment. On September 3, 2013, Moyer and the Estate filed a response to Christman Lake's motion for summary judgment and filed a motion for partial summary judgment.[4] On October 2, 2013, Christman Lake filed an answer to the motion for partial summary judgment.

On November 6, 2013, the trial court issued an order denying both motions without prejudice and transferring the case to the orphans' court.

On November 21, 2013, the Estate and Moyer filed a petition for reconsideration of the motion for partial summary judgment. On December 6, 2013, Christman Lake filed an answer to the petition, requesting the court deny the motion for partial summary judgment and requesting the court enter summary judgment in its favor. The parties filed supplemental memoranda. On August 12, 2014, the court granted the motion for partial summary judgment filed by the Estate and Moyer and denied Christman Lake's motion for summary judgment. The order provided:

> AND NOW, this 12th day of August, 2014, upon consideration of the record, the supplemental filings of the parties, and upon consideration of the fact that [Christman Lake] and/or [Christman Lake's] predecessor clearly

---

[4] The motion for partial summary judgment sought an order "deciding all questions of right to possession and assignment" in the Estate and Moyer's favor and denying all claims asserted by Christman Lake, "but not deciding the appropriate measure of damages due" to the Estate and Moyer. Defendant's Motion for Partial Summary Judgment at 3.

contemplated assignment and/or a successor lessee, in that [Christman Lake] and/or [Christman Lake's] predecessor entered into a ninety-nine year lease with a party that was sui juris at the time of execution of said lease, it is hereby ORDERED and DECREED that [the Estate and Moyer's] Motion for Partial Summary Judgment is GRANTED. It is FURTHER ORDERED that the [Christman Lake's] Motion for Summary Judgment is hereby DENIED.

Order, 8/12/2014.

On August 27, 2014, Christman Lake filed exceptions. The exceptions were deemed denied by operation of law on December 26, 2014 and the clerk of the orphans' court entered this denial on the docket. On January 15, 2015, the clerk entered an unsigned order on the docket denying the exceptions by operation of law.

On January 20, 2015, Christman Lake filed a notice of appeal. Both Christman Lake and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following claims on appeal:

A.1 Must a party claiming rights of assignment under a written lease prove compliance with the requirements of that written lease regarding any requested assignment?

A.2 Can the identity of a personal representative of an [e]state acting as a representative of the [e]state be commingled with that person's individual identity to create legal rights in the [e]state and/or individual?

B. Where a party does not have any written contract or entitlement to possession to real estate, is that person a tenant at will whose tenancy can be terminated at will by [l]essor?

C. Where a [c]ourt enters [p]artial [s]ummary [j]udgment pursuant to Pa.R.C.P. 1035.5, should it specify the facts

- 5 -

that are without controversy to direct further proceedings in the action based upon that order?

Appellant's Brief at 6.

**A. Summary Judgment – Right of Possession**

Christman Lake's first three issues essentially argue the trial court erred in finding Moyer had a right of possession to the leasehold and granting the Estate and Moyer's motion for partial summary judgment.

"[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa.2010) (quoting *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa.2002)). A "trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party" and "must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* (citing *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 195 (Pa.2007)). Therefore, a trial court "may only grant summary judgment 'where the right to such judgment is clear and free from all doubt.'" *Id.* (quoting *Toy*, 928 A.2d at 195). This Court "may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* (quoting *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902–03 (Pa.2007)).

Christman Lake argues that, because Matheny did not construct a building on the site, there was no right of assignment pursuant to the lease.

- 6 -

Appellant's Brief at 27. It argues the devise contained in the Will violates the lease agreement because it occurred without notice and without written approval of Christman Lake. *Id.* at 27-29. Christman Lake further maintains Moyer has no possessory right as the Estate's personal representative, because a personal representative has the right to take title only if necessary to protect the rights of claimants. Appellant's Brief at 33-34 (citing 20 Pa.C.S. § 3311). It further maintains *Fortunato v. Shenango Limestone Co.*, 123 A. 482 (Pa.1924), relied on by the trial court, is inapplicable. *Id.* at 34. Christman Lake concludes that, because Moyer has no contract or entitlement to possession, she is a holdover tenant, and Christman Lake can evict her. Appellant's Brief at 35.

The death of a lessee does not terminate a lease. *Fortunato*, 123 A. at 482; 42 A.L.R. 4th 963, § 2[a] ("the general rule for real property leases appears to be that the death of a lessee does not of itself constitute an event which will terminate the contract, at least absent peculiar circumstances"); *cf. Kiernan v. Keeney*, 62 Pa.D.&C. 469, 470 (C.P. Phila. 1947) (although, without language to the contrary "the ordinary covenant in a lease against subletting does not prohibit an assignment by the lessee's executors," but overruling defendants demurrer because lease provided: "Any transfer by process of law shall be deemed an assignment by the lessee," which constituted plain and unambiguous language that parties' intent was to prevent such transfers upon death). Further, regardless whether the non-assignment clause would apply if no building was constructed, such clauses

do not preclude the transfer of a lease upon the death of a leasee. *See* 42 A.L.R. 4th 963 § 2[a] (Although "the courts construing the effect of general anti[-]assignment clauses have generally, though not universally, held that they did not apply to the death of the lessee (§ 7, infra), so that such clauses would not prevent the continued existence of the lease upon such death, the courts have given full effect to clauses specifically providing for the effect of the lessee's death on the continued existence (§ 8[b], infra) or immediate termination (§ 8[a], infra) of the lease, the only questions in such cases being either just what effect such a clause should mandate under the circumstances as a whole, or whether such a clause has indeed been included in the lease.").[5]

_____

[5] Further, as the Estate and Moyer contend, the ninety-nine year lease contemplated, and referenced, Matheny's heirs. The trial court found:

> In addition, it is clear upon review of the lease that assignment is permissible. . . . [Christman Lake] entered into a ninety-nine year lease agreement with [] Matheny, who was sui juris when he signed the lease. Clearly, assignment was contemplated. In addition, paragraph six of the lease provides, "The lessee shall also save the Lessor harmless and free from loss, cost, damage or expense arising out of any accident or other occasion causing injury to any person or property and due directly or indirectly from the use or occupancy of the premises or any of the adjacent facilities known as [`]Christman Lake Development[']  by the Lessee, his heirs or assigns." (Emphasis added).

Opinion, 3/10/2015, at 8.

- 8 -

Accordingly, pursuant to Matheny's Will, the remaining interest in the lease transferred to Moyer as Matheny's executrix, and Moyer, as executrix, may transfer the lease to Moyer, as the devisee under the Will.[6] The trial court did not err in granting the Estate and Moyer's motion for partial summary judgment as to the breach of contract and declaratory judgment claims and in denying Christman Lake's motion for summary judgment.

### B. Summary Judgment - UTPCPL Claim

Christman Lake next argues the trial court should have specified the facts that are without controversy or the relief which is not in controversy and directed further proceedings. Appellants' Brief at 36-40. Christman Lake argues the trial court only addressed Moyer's present entitlement to the lease, not whether Christman Lake violated the UTPCPL. *Id.*[7]

_____

[6] The trial court found Moyer had a right to possess the leasehold as executrix of the Estate and the Estate had a right to assign the leasehold to Moyer because the non-assignment clause did not apply because Matheny did not build a building on the premises. We, however, can affirm the trial court on any basis. *Commonwealth v. Clemens*, 66 A.3d 373, 381 n.6 (Pa.Super.2013).

[7] Christman Lake also argues the trial court did not address other aspects of the Estate and Moyer's motion for partial summary judgment, including the Estate and Moyer's arguments that: (1) because the Estate and Moyer had a present possessory leasehold interest, summary judgment was properly entered against Christman Lake as to the counts raised in Christman Lake's complaint; and (2) the trial court should enter a declaration that the Estate and Moyer had a right to transfer the lease without Christman Lake's approval. Appellant's Brief at 37. As to the counts raised in Christman Lake's complaint, each relied on Christman Lake having a present possessory interest in the leasehold, which it does not, and, therefore, the trial court's order addressed this concern. *See* Complaint. As to the grant

*(Footnote Continued Next Page)*

The Counterclaims filed by the Estate and Moyer include a claim Christman Lake violated the UTPCPL because Christman Lake was a seller of goods and services, the Estate and Moyer were "consumers," the lease was entered into primarily for personal, family, or household purposes, and the Estate and Moyer suffered ascertainable loss of money or property as a result. Defendants' Answer to Plaintiff's Complaint at New Matter at Count III.[8]

The trial court's conclusion that the Estate and Moyer had the right to possess the leasehold does not, alone, support a summary judgment finding as to the UTPCPL claim. As to its UTPCPL claim, Moyer sought summary judgment, arguing she had a right to bring a private right of action, Christman Lake committed an unlawful action in arbitrarily refusing to approve the assignment, this refusal caused Moyer to suffer a loss of property, and this refusal caused Moyer to sustain actual damages.

_(Footnote Continued)_ _____

of summary judgment declaring that the Estate and Moyer have a right to transfer the lease without Christman Lake's approval, such right would exist for transfer upon death. The grant would not impact future transfers, and the lease provisions would apply.

[8] The claimed unfair practices included that Christman Lake claimed the lease contained a confessed judgment clause and engaged in other fraudulent or deceptive conduct which has created a likelihood of confusion by attempting (1) to defraud the Estate and Moyer, (2) to force Moyer to sign "the current lease and rules," which would undermine her rights, and (3) to add provisions to the lease to unilaterally increase the rent. Defendants' Answer to Plaintiff's Complaint at ¶ 72.

Memorandum in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Request for Partial Summary Judgment at 10-11.[9]  Both the Estate and Moyer sought summary judgment that Christman Lake violated the UTPCPL, but asked that the court not decide damages.  *Id.* at 11.

The trial court did not make any ruling as to the UTPCPL claim and we remand to the trial court for additional findings as to the claim.

### C.  Christman Lake did not Waive Its Claims

The trial court and the Estate and Moyer maintain Christman Lake waived any issues because their 1925(b) statement included 36 allegations of error, many of which were frivolous, and the statement could "hardly be described as concise."  Opinion, 3/10/2015, at 6.  We find the Estate and Moyer did not waive the issues.  *See Eiser v. Brown  Williamson Tobacco Corp.*, 938 A.2d 417, 428 (Pa.Super.2007) ("the number of issues raised in

---

[9] The title of the UTPCPL claim raised in the answer states the UTPCPL claim is asserted by the Estate and Moyer against Christman Lake.  Defendants' Answer to Plaintiff's Complaint at ¶ 72.  The memorandum in support of the partial motion for summary judgment states the UTPCPL claims is "Moyer's claim" and the argument contained therein referenced the loss and damages suffered by Moyer.  Memorandum in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Request for Partial Summary Judgment at 10-11.  The conclusion of the summary judgement UTPCPL section, however, states "this [c]ourt should grant summary judgment in favor of [the Estate and Moyer] finding that [Christman Lake] violated the UTPCPL and should not yet decide the amount of damages owed to [the Estate and Moyer]."  *Id.* at 11.

a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice"). Although the statement was lengthy, Christman Lake had no guidance as to the basis of the grant of partial summary judgment, which was in a one-paragraph order. Further, the trial court was able to determine the main issue raised, i.e., that it erred in granting partial summary judgment.

### D. Christman Lake Timely Filed Its Notice of Appeal

Because the trial court granted a motion for partial summary judgment which determined an interest in real property, Appellants arguably had to file their notice of appeal within 30 days of the date of the order granting partial summary judgment. Pa.R.A.P. 342(a)(6) ("An appeal may be taken as of right from the following orders of the Orphans' Court Division: . . . (6) An order determining an interest in real or personal property."); ***Estate of Moskowitz***, 115 A.3d 372, 378 n.5 (Pa.Super. Feb. 4, 2015) ("Under the Pennsylvania Rules of Appellate Procedure, Appellants were obligated to appeal the court's grant of partial summary judgment immediately to avoid waiver. ***See*** Pa.R.A.P. 342(a)(6), (c))."). We need not address this issue, however, as there is no docket entry indicating the order granting partial summary judgment was mailed to the parties. ***Vertical Resources, Inc. v. Bramlett***, 837 A.2d 1193 (Pa.Super.2003) (appeal timely because no indication on docket notice of entry of order was sent). The order itself has a stamp stating:

> August 12, 2014, Certified Copy of Order issued to Counsel of Record and/or Unrepresented parties being see list above by first class and inter-office mail by Register of Wills.

Order, 8/12/2014. The docket, however, contains no entry indicating service, as required by Pennsylvania Rule of Civil Procedure 236(b). ***See*** Pa.R.Civ.P. 236(b) ("The prothonotary shall note in the docket the giving of notice and, when a judgment by confession is entered, the mailing of the required notice and documents"). Therefore, the time to file an appeal did not begin to run. Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015