J-A32018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF WILLIAM B. HUTCHENS, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SCOTT A. HUTCHENS | No. 1669 EDA 2016 |

Appeal from the Order April 11, 2016
In the Court of Common Pleas of Northampton County
Orphans' Court at No(s): 2013-0516

| | |
|---|---|
| ESTATE OF WILLIAM B. HUTCHENS, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOY SCHREFFLER | No. 1706 EDA 2016 |

Appeal from the Order April 11, 2016
In the Court of Common Pleas of Northampton County
Orphans' Court at No(s): 2013-0516

BEFORE: DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED MARCH 08, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

Scott A. Hutchens ("Appellant") appeals from the Order entered in the Court of Common Pleas of Northampton County Orphans' Court on April 11, 2016, finding that two antique cars constituted *inter vivos* gifts, and denying his request for attorney's fees. We affirm.

Joy Schreffler ("Appellee/Cross-Appellant") separately appeals from the Order entered in the Court of Common Pleas of Northampton County Orphans' Court on April 11, 2016, finding that a collection of coins did not constitute *inter vivos* gifts. We affirm.[1]

We derive the following statement of facts from the trial court's opinions entered on April 11, 2016, and July 13, 2016. **See** Trial Court Opinion (TCO), 4/11/16, at 1-4; TCO, 7/13/16, at 1-2.

Appellant and Appellee are the children of William B. Hutchens ("Decedent"). On April 15, 2003, Decedent executed a will providing that if his wife predeceased him, the estate was to be divided into two equal shares for the benefit of his children. Decedent's wife passed in 2008. In April 2009, Appellee was appointed Decedent's durable power of attorney, allowing her full power of substitution to take any action on his behalf. Decedent was diagnosed with dementia in May 2011. Decedent died testate on April 6, 2013, and his will was admitted to probate. Decedent's Estate filed a first and final account and issued a schedule of distribution. Both

---

[1] Both appeals were consolidated by this Court.

- 2 -

parties filed objections, disputing the ownership of two antique cars and a coin collection.

The parties appeared before the court on December 16, 2015, for a non-jury trial to determine the distribution of the antique cars and coin collection. The court made findings of fact as to each:

In 2007, Decedent delivered two antique cars from storage to Appellee's home. On January 31, 2008, Decedent gave Appellee the titles to the cars and powers of attorney, authorizing her to act on his behalf with regard to the cars. Appellee maintained possession of the vehicles from that date until the present, briefly returning them to storage during her divorce. Appellee transferred the titles into her name on September 19, 2012.

In June 2011, Decedent established a trust account, a living trust agreement, and signed a letter stating he was giving Appellee his coin collection because he no longer wished to maintain them in his home. In March 2012, Appellee and her husband went to Decedent's home to remove the coin collection. Decedent was visibly upset and asked Appellee to open the safes holding the coins. When Decedent's caretaker arrived later that day, Decedent was still upset, repeating, "They're gone."

Following trial, the court issued an order holding that 1) the coin collection was the property of the Estate; 2) the antique cars were the property of Appellee; and 3) that no attorneys' fees would be awarded to either party.

Both Appellant and Appellee timely appealed and filed Pa.R.A.P. 1925(b) statements of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellant presents the following issues for our review:

I. Whether the lower court committed error of law and/or abused its discretion in finding that [Appellee] proved by clear and convincing evidence that [Decedent] made an *inter vivos* gift of his antique cars to her.

II. Whether it was error for the lower court to deny a request for attorney's fees despite the substantial benefit that was provided to the Estate by counsel for [Appellant]?

Appellant's Brief at 4.

Appellee raises the following issue for our review:

Did [Appellee] prove by clear and convincing evidence that the Decedent made an *inter vivos* gift of the coins to her?

Appellee/Cross-Appellant's Brief at 1.

For ease of disposition, we will address Appellant's first issue, Appellee's issue, and finally Appellant's second issue. When reviewing a decree entered by the Orphans' Court,

this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of the discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

- 4 -

*In re Estate of Rosser*, 821 A.2d 615, 618 (Pa. Super. 2003) (internal quotation marks and citations omitted).

First, Appellant claims that the court erred in concluding that the cars constituted an *inter vivos* gift. **See** Appellant's Brief at 16. A valid *inter vivos* gift

> requires donative intent, delivery, and acceptance. There must be evidence of an intention to make a gift accompanied by delivery, actual or constructive, of a nature sufficient not only to divest the donor of all dominion over the property, but to invest the donee with complete control. All of the circumstances must be considered in determining whether a gift was made. Donative intent can be inferred from the relationship between the donor and donee.

*In re Estate of Moskowitz*, 115 A.3d 372, 386 (Pa. Super. 2015), *reargument denied* (June 30, 2015), *appeal denied,* 130 A.3d 1291 (Pa. 2015), *reconsideration denied* (Jan. 29, 2016) (internal citations and quotation omitted).

Appellant contends that Appellee failed to establish by clear and convincing evidence that Decedent had possessed the donative intent to make a gift, as the execution of powers of attorney were inconsistent with such an intent. **See** Appellant's Brief at 16*.* Appellant also asserts that there was no valid delivery of the cars. **Id.** Finally, Appellant argues that even if donative intent had existed, it was revoked, as Decedent's execution of the durable power of attorney revoked all previous powers of attorney. **Id.** at 16-17.

The burden of proving an *inter vivos* gift is placed initially on the putative donee, who must first show a *prima facie* case through clear, direct, and convincing evidence. **Lanning v. West**, 803 A.2d 753, 761 (Pa. Super. 2002). Once a *prima facie* case is established, a presumption of the validity of the gift arises and the burden shifts to the contestant to show by clear and convincing evidence that the property was not given as an *inter vivos* gift. **Id.**

Here, the court found *prima facie* evidence of donative intent. Specifically, the court determined: 1) Decedent had given Appellee the titles to the cars and the legal authority to transfer the titles into her name; and 2) persuasive testimony by Appellee that the cars were intended as gifts. **See** TCO, 7/13/16, at 3-4; TCO, 4/11/16, at 6-7. In response to this evidence, Appellant argues that 1) Decedent had no present intent to gift the cars, or he would have executed the titles on the same day they were delivered, and 2) the testimony of Appellee's ex-husband suggested that the cars were left solely for safe keeping. However, the trial court considered these arguments and rejected them, finding Appellee's testimony credible and noting that Appellee's ex-husband was not credible, due to contentious divorce proceedings. We will not disturb these findings. **Rosser**, 821 A.2d at 618.

Further, the court found evidence of valid delivery of the cars. The test of delivery is the change of property, the immediate right to the entire dominion over the subject gift, and proof the donor intended to divest

himself of the property. **See *In re Brown's Estate***, 22 A.2d 821, 826 (Pa. 1941). Specifically, the court concluded that the cars were brought to Appellee's residence in 2007, and that the titles to the cars and powers of attorney were given to her at that time. **See** TCO, 7/13/16, at 4-5. The powers of attorney allowed her to transfer the titles into her own name when convenient, and there was no evidence introduced to show that Decedent intended anything other than that Appellee would transfer the titles to her name. **Id.** Appellee accepted the cars by storing them on her property and later transferring title to her name. **Id.**

Appellant's suggestion that decedent revoked any prior donative intent is not persuasive. According to Appellant, the donative intent was revoked when the previous powers of attorney, which were only related to the cars, were subsumed by the durable power of attorney, allowing Appellee to transact business and take any action on Decedent's behalf. This argument is unconvincing, as Pennsylvania courts have previously held that once an *inter vivos* gift is made and completed, even the revocable character of a power of attorney may not revoke that gift without the donee's consent. **See**, *e.g.*, **Cost v. Calestri**, 394 A.2d 513, 518 (Pa. 1978).

Thus, Appellee established a *prima facie* presumption of a valid gift, and the trial court did not find Appellant had presented evidence sufficient to rebut that presumption. Appellant is entitled to no relief. **See Lanning**, 803 A.2d at 761.

Next, Appellee claims that the court erred in finding that she had failed to prove by clear and convincing evidence that Decedent made an *inter vivos* gift of coins to her. **See** Appellee's Brief at 7. According to Appellee, that letter signed by Decedent is a clear and convincing expression of donative intent, and, although delivery of the coins did not occur for several months after the expression, there was no evidence in the record suggesting that Decedent had revoked his intent prior to delivery. **Id.**

As discussed, *supra*, the establishment of a valid *inter vivos* gift requires donative intent, delivery, and acceptance. **Moskowitz**, 115 A.3d at 386. The trial court concluded that: 1) evidence from multiple witnesses established that Decedent was primarily concerned about the safety of the coins; 2) the letter relied upon by Appellee to establish donative intent was ambiguous; and 3) Decedent's behavior at delivery was evidence of revocation. **See** TCO, 4/11/16, at 5-6 (citing in support Decedent's distress on the day of delivery and Decedent's statement to caretaker that "they're gone.").

In finding the language of the letter ambiguous, the trial court relied upon **Estate of Greenberg**, which held that a decedent's statement that she was giving rings to her sister to keep was ambiguous and equivocal, and that the word "give" was as consistent with a bailment as it was with a gift. **See Estate of Greenberg**, 444 A.2d 1224, 1227-28 (Pa. Super. 1982). Based on the precedent, the trial court concluded that the word "give" was

ambiguous and without more, Appellee could not meet her burden of clear and convincing evidence.

The record supports this conclusion regarding donative intent. Appellee contends that the testimony of Barbara Seifert-Sigmon, the trust officer who drafted the letter, established Decedent's intent. However, Ms. Seifert-Sigmon also acknowledged that Decedent had not used the word "gift" in their conversation and that he was concerned with the security of the coins, given the number of caretakers coming in and out of his home. This concern is consistent with a bailment rather than a gift. **Greenberg**, 444 A.2d at 1228. Decedent's granddaughter and his caretaker also testified regarding his concerns for the safety of the coins. Testimony regarding the Decedent's distress while Appellee took the coins is essentially moot, as Appellee failed to show donative intent prior to delivery.

Accordingly, we find no abuse of discretion in the trial court's conclusion that Appellee did not prove by clear and convincing evidence that the coins constituted an *inter vivos* gift. **See Rosser**, 821 A.2d at 618; **Moskowitz**, 115 A.3d at 386.

Finally, Appellant claims that the court erred by denying an award of attorney's fees. **See** Appellant's Brief at 29. He argues that the Estate

substantially benefitted from the efforts of his counsel, namely, the inclusion of the coin collection valued at $54,879.00. *Id.* at 29-30.[2]

In reviewing a trial court's award of attorney's fees, our standard is an abuse of discretion. *In re Padezanin*, 937 A.2d 475, 484 (Pa. Super. 2007). Generally, the attorney's fees for a party who files exceptions to an account are not paid from the estate. *See In re Estate of Vaughn*, 461 A.2d 1318, 1320 (Pa. Super. 1983). However, there is an exception "[w]here the estate is substantially benefitted by the efforts of an exceptant's counsel, which have resulted in an administrator being required to include in his inventory of the estate valuable assets previously not included." *Vaughn*, 461 A.2d at 1320. In such a situation, it is within the court's discretion to compensate the exceptant's counsel fees out of estate funds. *Id.*

Here, Appellant relies on *Vaughn* and *Padezanin* to support his contention that he has added substantial value to the estate. *See*, *e.g.*, *Vaughn*, 461 A.2d at 1320 (finding that attorney's efforts constituted a substantial benefit where he ensured the inclusion of previously omitted

---

[2] Before the trial court, Appellant argued that Appellee's bad faith entitled him to attorney's fees. Appellant still avers that Appellee acted in bad faith, but has not developed this argument on appeal with citations to the record or controlling authority; accordingly, we find waiver. *See* Appellant's Brief at 31; *see also* Pa.R.A.P. 2119(a)-(c); *Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

assets in the inventory of the estate); *Padezanin*, 937 A.2d at 484 (noting attorney's efforts constituted a substantial benefit where he ensured inclusion of previously omitted real estate in the inventory of the estate). However, those cases are not analogous to the instant situation, as the coins and cars were included in the account and schedule of distribution: Appellant merely disputed their disposition. Appellant did not add value to the estate where the disposition of the property was part of the resolution of the case itself. Accordingly, there was no abuse of discretion in the trial court's decision to deny attorney's fees. *Vaughn*, 461 A.2d at 1320.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017